IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of JOHN E. KELLY & SONS ELECTRICAL CONSTRUCTION, INC., | * * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:19-cv-02924-PX |
| HARTFORD FIRE INSURANCE COMPANY, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this breach of contract action is Defendants Hartford Fire Insurance Company's ("Hartford") and Baggette Construction, Inc.'s ("Baggette Construction") motion to transfer venue to the United States District Court for the Northern District of Alabama. ECF No. 20-1. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, Defendants' motion is granted.

### I. Background

On October 28, 2015, Plaintiff John E. Kelly & Sons Electrical Construction, Inc. ("Kelly Electric") and Baggette Construction, entered into a written Subcontract Agreement ("Subcontract"). ECF No. 1-4. The Subcontract provided that Kelly Electric, the subcontractor, would perform work for Baggette Construction, the prime contractor, for a construction project known as the "Shopping Center Expansion" located at 1811 G Street, Joint Base Andrews, Maryland 20762 (the "Project"). *Id.* On September 9, 2015, in connection with the Project, Hartford, as a Miller Act surety, issued a payment bond identifying Baggette as the principal.

ECF No. 1-5.

On October 4, 2019, Kelly Electric filed suit against Defendants, alleging Count I (Miller Act Bond Claim), Count II (Breach of Contract), and Count III (Quantum Meruit). ECF No. 1. Defendants, in response, answered the Complaint, ECF Nos. 18 and 19, and moved to change venue. ECF No. 20-1.

**II.     Analysis**

Defendants[1] rely on the forum-selection clause in the Subcontract as the basis for transfer. ECF No. 20-1 at 2. The clause states: "The parties agree, for the mutual convenience of the parties, that any litigation instituted by the Contractor or Subcontractor arising directly or indirectly out of this agreement *shall be* brought in Morgan County, Alabama." ECF No. 1-4 at 9 (Section 22, titled "Venue") (emphasis added). In response, Plaintiff argues that the United States District Court for the Northern District of Alabama is a less convenient forum, and that the interests of justice weigh against transfer. Plaintiff also argues that the Miller Act requires the case to be heard by this Court because the Act dictates that "[a] civil action brought under this subsection *must* be brought … in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C. §3133(3)(B) (emphasis added).

The general federal transfer statute, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404 is

---

[1] Plaintiff does not contest that Hartford, as a surety, stands in the shoes of its principal, Baggette Construction, and can avail itself of defenses available to Baggette Construction, including enforcement of the Subcontract's forum selection clause. *See Travelers Indem. Co. v. Nationwide Const. Corp.*, 244 Md. 401, 412 (1966) ("The surety stands in the shoes of its principals and can avail itself of any defense still open to the principals.").

procedural rather than substantive and so federal law governs the analysis. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988); *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1990); *see generally White Oak Power Constructors v. Alstom Power, Inc.*, No. CB-17-1437, 2017 WL 5158507, at *3 (D. Md. Nov. 7, 2017). Under § 1404(a), the Court evaluates the propriety of transfer by considering such factors as the convenience of the parties and the relevant public interests. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Tex.*, 571 U.S. 49, 62 (2013).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id.* at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). Because forum-selection clauses are "bargained for by the parties," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* (alteration in original) (*quoting Stewart*, 487 U.S. at 33) (internal quotation marks omitted).

In *Atlantic Marine*, the United States Supreme Court explained that a valid forum-selection clause changes the § 1404 analysis in three ways. 571 U.S. at 63–65. First, "the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 63.[2] This is because the plaintiff, by executing a contract with a specified forum, has effectively chosen her forum before the dispute arises. *Id.* at 63–64.

Second, a valid forum selection clause renders the parties' interests irrelevant. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum

---

[2] Plaintiff is incorrect that the burden of proof lies with Defendants. ECF No. 21 at 2, 4, 6.

as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64. The Court still considers the public interest factors. *Id.* at 64.

"Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.* The Court's analysis should militate against enforcing the forum-selection clause only in the most "extraordinary circumstances." *Id.* at 62.

As in *Atlantic Marine*, this matter involves a mandatory forum-selection clause. It states: "[a]ny litigation. . . *shall* be brought in Morgan County, Alabama." ECF No. 1-4 at 9 (emphasis added). *See also Belfiore v. Summit Fed. Credit Union,* 452 F. Supp. 2d 629, 633 n.2 (D. Md. 2006) (citation omitted) (clause is mandatory when it states in "clear language showing that jurisdiction is appropriate only in the designated forum."). Accordingly, the Court sets aside Plaintiff's argument related to the convenience of witnesses and parties, ECF No. 21 at 6–9, and considers only § 1404's public interest factors*. See Atl. Marine*, 571 U.S. at 64. "Consideration of the interests of justice is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005) (citation and internal quotation marks omitted).

Plaintiff argues that the interests of justice weigh against transfer because a federal court located in Maryland is better equipped than a federal court located in Alabama to decide the Maryland state law claims. ECF No. 21 at 9. To be sure, some weight is to be afforded in trying a case before a court "at home with the law." *See AIG Europe Ltd. v. Gen. Sys., Inc.*, No. RDB-13-0216, 2013 WL 6654382, at *4 (D. Md. Dec. 16, 2013). However, Defendants correctly point out that either federal court is nonetheless well-qualified to review matters concerning

4

Maryland common law.  Plaintiff has brought forward no other public factors that weigh against transfer.  Thus, the Court is not persuaded that the interests of justice merit disregarding the agreed-upon, mandatory, forum selection clause.

Lastly, Plaintiff maintains that the Miller Act's venue provision calls for the case to be tried in the District of Maryland, as Maryland is the "district in which the contract was to be performed and executed."  40 U.S.C.A. § 3133(b)(3)(B).  ECF No. 21 at 6.  This provision in the Miller Act, however, is "merely a venue requirement."  *F. D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 125 (1974).  Accordingly, as with any statutory venue provision, parties may waive its protections by agreeing to a mandatory forum selection clause.  *See United States ex rel. B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115, 1117 (10th Cir. 1995) (concurring with First, Fifth, and Eighth circuits that "a valid forum selection clause supersedes the Miller Act's venue provision"); *accord FGS Constructors, Inc. v. Carlow*, 64 F.3d 1230, 1233 (8th Cir. 1995) (Miller Act does not override subcontractor's choice of venue under the forum-selection clause); *United States ex rel. Pittsburgh Tank & Tower, Inc. v. G & C Enterprises, Inc.*, 62 F.3d 35, 36 (1st Cir. 1995) ("venue provisions have long been subject to contractual waiver through a valid forum selection agreement"); *In re. Fireman's Fund Ins. Companies, Inc.*, 588 F.2d 93, 95 (5th Cir. 1979) (Miller Act provision "is not jurisdictional but only a venue provision . . . [which] may be varied by contract") (citations omitted).  *See also United Corrosion Control, LLC v. G-W Mgmt. Servs., LLC*, No. JKB-16-1856, 2016 WL 6610993, at *2 (D. Md. Nov. 9, 2016).  Thus, pursuant to the mandatory forum selection clause executed by the parties in advance of this litigation, the case must be transferred to the United States District Court for the Northern District of Alabama.

Defendants' motion to transfer venue (ECF No. 20-1) is GRANTED.  This case shall be

5

TRANSFERRED to the United States District Court for the Northern District of Alabama. The Clerk is DIRECTED to transmit copies of this Memorandum Opinion and Order to the parties and to CLOSE the case.

It is so ORDERED.

2/12/2020
Date

/S/
Paula Xinis
United States District Judge